T.C. Summary Opinion 2004-110

UNITED STATES TAX COURT

CHESTER VALENTINE GACIOCH, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1254-03S.              Filed August 23, 2004.

Chester Valentine Gacioch, pro se.

<u>Edward D. Fickess</u> and <u>Jennifer S. McGinty</u>, for respondent.


PAJAK, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect at the time the petition was filed.  Unless otherwise
indicated, section references are to the Internal Revenue Code in
effect for the year in issue.  The decision to be entered is not
reviewable by any other court, and this opinion should not be
cited as authority.

Respondent determined a deficiency of $1,099 in petitioner's 2000 Federal income tax.

The sole issue for decision is whether a mutual fund distribution to petitioner is a capital gain dividend or a return of capital.

Some of the facts in this case have been stipulated and are so found. Petitioner resided in Sauquoit, New York, at the time he filed his petition. Section 7491(a) does not apply because this case involves a legal issue.

On February 10, 2000, petitioner acquired 955.543 shares of Vanguard U.S. Growth Fund (mutual fund) from The Vanguard Group (Vanguard). The shares were acquired at $43.45 per share, for a total cost basis of $41,518.34.

In 2000, Vanguard distributed $7,118.80 to petitioner from his mutual fund. Vanguard sent petitioner a yearend statement, which characterized the distribution as "Long-term gains". Vanguard reported the $7,118.80 in Box 2a, Total Capital Gain Distributions, on a 2000 Form 1099-DIV, Dividends and Distributions. Respondent determined that the $7,118.80 was a capital gain dividend.

Petitioner timely filed his Form 1040, U.S. Individual Income Tax Return, for taxable year 2000. On Schedule D, Capital Gains and Losses, attached to petitioner's Form 1040, petitioner reported $23,245 in "Capital gain distributions" from 6 different

mutual funds.  The reported amount of $23,245 included $1,624 (rounded) of the $7,118.80 distribution from Vanguard.

Petitioner contends that the $7,118.80 distribution represents a $5,494 "return of capital" and $1,624 in "capital gains".  The difference between the admitted capital gains and the distribution is the amount in issue of $5,494 (rounded down).

Section 61(a) provides that gross income includes all income from whatever source derived, unless excludable by a specific provision of the Code.  Section 61(a)(7) lists dividends as includable in gross income.  The definition of gross income in the income tax law is inclusive on its face, and the concept of inclusiveness is long established.  Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 429-430 (1955).  No specific Code section excludes capital gain distributions from gross income.

The distribution at issue here is from a mutual fund (regulated investment company).  Sec. 851.  Distributions of capital gain dividends are defined in section 852(b)(3)(C).  With respect to distributions by mutual funds, section 852(b)(3)(B) provides that "A capital gain dividend shall be treated by the shareholders as a gain from the sale or exchange of a capital asset held for more than 1 year."  Section 1222(3) states that the term "long-term capital gain" means "gain from the sale or exchange of a capital asset held for more than 1 year".  Net long-term capital gains are subject to tax at the preferential

rates set forth in section 1(h).  It has been held that, consistent with this statutory mandate, the Form 1040, Individual Income Tax Return, and its schedules "ensure that capital gain distributions are taxed."  Torre v. Commissioner, T.C. Memo. 2001-218, affd. 52 Fed. Appx. 965 (9th Cir. 2002).

Aside from petitioner's bare assertions, nothing in the record indicates that any amount of the distribution represents a return of capital.  Rather, the record indicates that the distribution was a capital gain dividend.  On the yearend statement, Vanguard reported the $7,118.80 as "long-term gains".  Vanguard multiplied petitioner's 955.543 shares by long-term capital gain cash of $7.45 to calculate the $7,118.80 distribution.  Further, on the Form 1099-DIV, Vanguard reported the $7,118.80 as a capital gain distribution, rather than as a nontaxable distribution.  Significantly, subsequent to the distribution, petitioner's total cost basis and the number of shares owned remained unchanged.  Petitioner admitted these facts during trial.

Petitioner contends that the $15,097.58 decrease in his account value, from $41,518.34 to $26,420.76, resulted in a "capital loss".  He then alleges that $5,494 of the $7,118.80 distribution was a return of capital.  Realistically, the decrease in petitioner's account value was due to the decrease in share price from $43.45 per share on February 10, 2000, to $27.65

per share on December 31, 2000.  We note that a capital loss is allowable only if petitioner sold or exchanged some or all of his shares.  Sec. 1211(b).

We find that the distribution was a capital gain dividend. It is clear from the record that the distribution was based upon the number of shares owned by petitioner and that no portion was allocated as a return of capital.

On this record, we conclude that the entire $7,118.80 distribution received by petitioner was a taxable capital gain dividend.  Accordingly, we sustain respondent's determination.

Contentions we have not addressed are irrelevant, moot, or without merit.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered for respondent.